UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON GOMEZ,

    Plaintiff,

v.                            Case No. 8:13-cv-3185-T-33AEP

ERIKA EVERHART SMITH, ET AL.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants' Third Request for Judicial Notice (Doc. # 101), filed on April 17, 2015. Plaintiff filed a response in opposition thereto on April 29, 2015. (Doc. # 104). For the reasons set forth below, Defendants' request is denied.

**Discussion**

Pursuant to Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of over thirty documents. Rule 201(b) of the Federal Rules of Evidence states that a court "may judicially notice a **fact** that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (emphasis added).

In order for a fact to be judicially noticed under Rule 201(b), "indisputability is a prerequisite." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994)). As stated in Jones, 29 F.3d at 1553:

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. Id. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Id. Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.

"For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). As the Eleventh Circuit has held, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is

that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Id.

As an initial matter, the Court declines Defendants' request, because Defendants have not identified the "facts" from each document that they would like judicially noticed. (See Doc. # 101). See Colonial Leasing Co. of New England, Inc. v. Logistics Control Grp. Int'l, 762 F.2d 454, 459 (5th Cir. 1985) ("The identity of the adjudicative fact of which the court intends to take notice is, of course, the threshold issue in examining the propriety of judicial notice."). Indeed, Defendants request includes a mass of documents rather than a "careful delineation of the fact[s] to be noticed." 21 B Charles Alan Wright & Kenneth Graham, *Federal Practice and Procedure* § 5107.1 (2d ed.2005).

Further, Defendants have not established the "purpose and relevance of the noticed fact[s]" or "the source of 'indisputable accuracy' for an 'ascertainable fact' under Rule 201(b)(2)." Id. (quoting Fed. R. Evid. 201 (b)(2)). From the materials provided, the Court is unable to decipher whether the documents originated "from sources whose accuracy cannot reasonably be questioned," as even the documents from the state court cases fail to provide any certification from

3

the custodian of record. Finally, Defendants have not provided the proper foundation under the Federal Rules of Evidence for this Court to conclude that these documents are admissible. Upon due consideration and for the reasons stated above, Defendants' request is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Third Request for Judicial Notice (Doc. # 101) is **DENIED.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this 19th day of June 2015.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

4