UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON GOMEZ,

    Plaintiff,

v.                                    Case No. 8:13-cv-3185-T-33AEP

ERIKA EVERHART SMITH, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Florida Department of Law Enforcement (FDLE), Erika Everhart Smith, and Gerald M. Bailey's Motion for Taxation of Costs and Fees (Doc. # 146) filed on July 31, 2015. Plaintiff Wilson Gomez filed a memorandum in opposition on August 19, 2015. (Doc. # 149). With leave of Court, FDLE, Everhart, and Bailey filed a reply on August 27, 2015. (Doc. # 153). For the reasons that follow, the Court grants in part and denies in part FDLE, Everhart, and Bailey's Motion for Taxation of Costs and Fees to the extent that $6,836.90 may be taxed.

**I.  Background**

This 42 U.S.C. § 1983 action arose from Wilson's arrest, and subsequent charge, for alleged sexual battery. (Doc. ## 1 at ¶¶ 1-24; 80 at ¶¶ 12-24). Wilson filed his first Complaint on December 18, 2013. (Doc. # 1). FDLE, Everhart, and Bailey filed a Motion

1

for Summary Judgment on January 2, 2015 (Doc. # 62); however, that Motion for Summary Judgment was mooted when this Court granted Gomez leave to file an Amended Complaint. The Amended Complaint was filed on February 12, 2015. (Doc. # 80).

In his Amended Complaint, Wilson brought both federal and state law claims. The federal claims were False Arrest/False Imprisonment in Violation of 42 U.S.C. § 1983 against Everhart (Count I); 42 U.S.C. § 1983 Claim for Malicious Prosecution against Everhart (Count II); 42 U.S.C. § 1983 Claim for Concealment of Evidence against Bailey (Count III); 42 U.S.C. § 1983 Claim for Concealment of Evidence against Everhart (Count IV); 42 U.S.C. § 1983 Failure to Supervise against Bailey (Count V); 42 U.S.C. § 1983 Failure to Train against Bailey (Count VI); and Conspiracy in Violation of 42 U.S.C. § 1983 against Everhart (Count VII). (Id. at 4-11). The state law claims were Negligent Supervision and Training against Bailey (Count VIII); Negligent Testing of DNA against Everhart (Count IX); and Negligent Reporting of DNA against Everhart (Count X). (Id. at 11-13).

On May 16, 2015, FDLE, Everhart, and Bailey filed a joint Renewed Motion for Summary Judgment, arguing, inter alia, that they were entitled to qualified immunity. (Doc. # 114). Wilson filed a memorandum in opposition on June 19, 2015. (Doc. # 121). Thereafter, FDLE, Everhart, and Bailey filed a reply memorandum. (Doc. # 130). On July 17, 2015, this Court granted FDLE, Everhart,

and Bailey's Motion for Summary Judgment as to Counts I through VII. (Doc. # 141). Furthermore, this Court declined to exercise its supplement jurisdiction over the remaining state law claims and, therefore, dismissed Counts VIII through X without prejudice. (Id.). The Clerk subsequently entered judgment in favor of FDLE, Everhart, and Bailey on July 20, 2015. (Doc. # 144).

FDLE, Everhart, and Bailey thereafter filed this Proposed Bill of Costs and Motion to Tax Costs on July 31, 2015. (Doc. # 146). Gomez filed a response (Doc. # 149) and, with leave of Court, FDLE, Everhart and Bailey filed a reply (Doc. # 153). The Motion to Tax Costs is ripe for this Court's review.

## II.  Standard for Awarding Costs

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54 establishes a strong presumption that costs should be awarded unless the district court decides otherwise) (citing Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not

3

unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the

4

party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

Upon granting FDLE, Everhart, and Bailey's motion for summary judgment as to Counts I through VII, and dismissing Counts VIII through X, judgment was entered in favor of FDLE, Everhart, and Bailey as to Counts I through VII. (Doc. # 144). Thus, FDLE, Everhart, and Bailey are the prevailing parties in this action and are entitled to costs under Fed. R. Civ. P. 54(d). See Powell v. Carey Int'l, Inc., 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit.'").

## III. Discussion

FDLE, Everhart, and Bailey seek to recover $10,409.22 in taxable costs pursuant to § 1920. (Doc. # 146 at 3-4, 11). Additionally, FDLE, Everhart, and Bailey seek to recover $23,201.50 in non-taxable costs, which includes reasonable attorney's fees in an amount to be determined, pursuant to 42 U.S.C. § 1988(b)-(c). (Id. at 5, 11). In total, FDLE, Everhart, and Bailey seek to recover $33,610.72, plus reasonable attorney's fees subsequently to be determined. (Id. at 11).

However, the attachments to the Motion for Taxation of Costs show documentation for an amount equal to $34,915.17. (Doc. ## 146-1-6). The individual expenses, taken from the attachments to

5

the Motion for Taxation of Costs, include (1) expert witness fees ($23,901.50); (2) fees for printed or electronically recorded transcripts ($8,239.66); (3) fees for exemplification and the costs of making copies ($2,234.01); and (4) mediation expenses ($540.00). (Doc. ## 146-2-6).

The Court first addresses whether, and to what extent, FDLE, Everhart, and Bailey may recover costs pursuant to § 1920. The Court then address whether the non-taxable costs are recoverable pursuant to § 1988(b)-(c).

**A.   Costs Sought Pursuant to § 1920**

  **i.   Fees for printed and electronically recorded transcripts necessarily obtained for use in the case**

FDLE, Everhart, and Bailey submitted a Proposed Bill of Costs for $7,414.26 and documentation for $8,239.66. (Doc. ## 146-1; 146-4. By the plain language of § 1920, FDLE, Everhart, and Bailey may recover costs associated with obtaining transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920. However, costs associated with late fees, expedited transcripts, where it is not shown that expediting the transcripts is indispensable, and postage are not taxable. Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002); Knight v. Paul & Ron Enters., Inc., No. 8:13-cv-310-T-36EAJ, 2015 WL 2401504, at *9 (M.D. Fla. May 19, 2015).

Therefore, the Court reduces the amount recoverable for costs associated with obtaining transcripts of depositions to $3,624.10. As to costs for expediting transcripts, FDLE, Everhart, and Bailey are "agreeable to [a] reduction for expediting fees by about 28%." (Doc. # 153 at 3). Based on the Court's calculations, and because no showing that expediting certain transcripts was indispensable to the case has been made, the Court reduces the expedited rates from $4,290.06 to $3,057.80, which is a reduction of about 28.74%.

Accordingly, FDLE, Everhart, and Bailey may recover $6,681.90 in fees for printed and electronically recorded transcripts necessarily obtained for use in the case.

### ii. Fees for exemplification and costs of making copies necessarily obtained for use in the case

Next, the Court addresses whether FDLE, Everhart, and Bailey are entitled to recover the full amount claimed in fees for exemplification and costs of making copies necessarily obtained for use in the case. FDLE, Everhart, and Bailey submitted a Proposed Bill of Costs for $2,994.96 and documentation for $2,234.01. (Doc. ## 146-1; 146-5). In the attachments to the Motion for Taxation of Costs, the invoices for printing and copy do not sufficiently describe the charges so as to allow the Court to determine whether the copies were necessarily obtained for use in the case pursuant to § 1920.

7

Neither the invoices, nor the Motion for Taxation of Costs, indicate what documents were copied and the reason therefor. (Doc. # 146-5). Rather, the invoices simply provide generic descriptions, such as "Black & White Copies 8.5 x 11 – Litigation Level 1/2" or "Blow Backs – Black & White – Level 1." (Id. at 4-7, 16). Likewise, the invoice from Forensic Bioinformatic Services describes the work as "Documentation for the Florida v. Wilson Gomez case (per Subpoena)" but does not otherwise state what documents were produced or why those documents were requested. (Id. at 1, 2). And again, no explanation is provided for what documents were requested from the State of Florida or the reason therefor. (Id. at 8-9, 11-12).

The generic descriptions contained in the attachments to the Motion for Taxation of Costs are not sufficient to award costs. See E.E.O.C. v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (stating "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed it was necessary to copy the papers at issue"); Loranger, 10 F.3d at 784 (the party seeking an award of costs bears the burden of submitting a request that enables the Court to determine whether those costs are recoverable). The Court accordingly denies the Motion for Taxation of Costs as to those costs.

However, FDLE, Everhart, and Bailey's costs for retaining a process server and for obtaining a copy of an expert witness's academic transcripts may be taxed in the amount of $155.00.

### iii. Costs of mediation are not recoverable

The Court notes FDLE, Everhart, and Bailey have withdrawn their request for mediation fees. (Doc. # 153 at 3). Nevertheless, the Court takes this opportunity to note it is well settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under § 1920. Tempay Inc., 2013 WL 6145533, at *6; see Lane v. G.A.F. Material Corp., No. 8:11-cv-2851-T-30TBM, 2013 WL 1881298, at *2 (M.D. Fla. May 3, 2013) (finding "the law is clear that costs associated with mediation are not recoverable under § 1920"); see also Nicholas v. Allianceone Receivables Mgmt., Inc., 450 Fed. Appx. 887, 888 (11th Cir. 2012) (stating "This appeal concentrates on the district court's ruling that Nicholas was not entitled to mediation fees because those costs are not taxable under 28 U.S.C. § 1920. We agree with the district court's ruling . . ."). Therefore, FDLE, Everhart, and Bailey are not entitled to costs for mediation.

**B.   Costs Sought Pursuant to § 1988(b)-(c)**

The Court now turns to whether FDLE, Everhart, and Bailey are entitled to recover reasonable attorney's fees and expert witness fees pursuant to § 1988(b)-(c).

9

### i. Reasonable attorney's fees pursuant to § 1988(b)

Section 1988(b) states a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." "[A] prevailing defendant may recover attorney's fees only when the court finds that the plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Vavrus v. Russo, 243 Fed. Appx. 561, 562–63 (11th Cir. 2007) (internal quotation marks omitted) (quoting Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (characterizing a prevailing defendant's burden as "more stringent" than a prevailing plaintiff's burden)). "[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421–22 (1978).

The Eleventh Circuit instructs that frivolity determinations be "made on a case-by-case basis, taking into account various factors, including (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle[,] and (3) whether suit was dismissed before trial." Vavrus, 243 Fed. Appx. at 563. The Eleventh Circuit also provided a fourth factor: a "'claim is not frivolous when it is "meritorious enough to receive

careful attention and review."'" Barnes v. Zaccari, 592 Fed. Appx. 859, 872 (11th Cir. 2015) (quoting Cohen v. World Omni Fin. Corp., 457 Fed. Appx. 822, 828 (11th Cir. 2012) (quoting Busby v. City of Orlando, 931 F.2d 764, 787 (11th Cir. 1991))). Ultimately, these factors are "general guidelines only, not hard and fast rules." Id.

After reviewing the evidence in a light most favorable to the non-prevailing plaintiff, Cordoba v. Dillard's Inc., 419 F.3d 1169, 1179 (11th Cir. 2005), the Court determines that, albeit ultimately unsuccessful at summary judgment, the case was not frivolous for purposes of awarding attorney's fees under § 1988(b). From the outset, summary judgment in favor of a defendant does not automatically entitle that defendant to attorney's fees under § 1988(b). Vavrus, 243 Fed. Appx. at 563. In addition, the Court notes the record does not indicate an offer of settlement was made. The parties also provide conflicting accounts of whether a settlement offer was, in fact, made. Compare (Doc. # 146) (stating "Defendants attended mediation and made a series of nominal and modest offers to try to resolve the matter . . ."), with (Doc. # 149) (stating "Plaintiff made several offers for settlement, while Defendants made none, and mediation was an impasse.").

This case also received the careful attention and review of the Court. The Court finds the instant action similar to Drury v. Volusia Cnty., Fla., No. 6:10-cv-1176-Orl-28DAB, 2012 WL 1405692,

11

at *4 (M.D. Fla. Mar. 16, 2012), adopted by Drury v. Volusia Cnty., Fla., No. 6:10-cv-1176-Orl-28DAB, 2012 WL 1405673, at *1 (M.D. Fla. Apr. 23, 2012). In Drury the court declined to award attorney's fees under § 1988 because of the careful review and attention given to the case. In its reasoning, the Drury court stated, "The 'careful attention and review' given to these claims by the Court (in lengthy opinions) and the parties (in extensive briefing), coupled with the 'voluminous' evidence . . . is sufficient to persuade the Court that these claims, while not successful, are not so lacking" to be considered frivolous.

Similarly, this Court provided careful attention and review. A central issue in this case was whether two DNA profiles, a partial foreign profile and Gomez's profile, could be considered matches. See, e.g., (Doc. # 109 at 3-4). To be sure, these issues, as noted by FDLE, Everhart, and Bailey's own Motion for Taxation of Costs, were on "a new, cutting edge area of forensic technology" and that the "science of forensic DNA is so new, so complex and so extraordinary," that "highly-qualified DNA experts" were required. (Doc. # 146 at 9). Additionally, all parties to this action retained experts on the issue of DNA profiling; Daubert motions were filed by the parties against the opposing party's expert (Doc. ## 109, 113); and the Court held a hearing, which was continued over to a second day, on the issue of whether to grant the Daubert motions (Doc. ## 138, 142). This Court even granted FDLE, Everhart,

and Bailey leave to file a motion for summary judgment in excess of the page limits prescribed by the Local Rules. (Doc. # 98).

In sum, the stringent standard of showing a case was frivolous has not been meet. Accordingly, the Court denies FDLE, Everhart, and Bailey's Motion for Taxation of Costs to the extent it seeks to recover attorney's fees pursuant to § 1988(b).

### ii. Expert witness fees are not recoverable pursuant to § 1988(c)

Finally, the Court rejects FDLE, Everhart, and Bailey's claim to expert witness fees pursuant to § 1988(c). FDLE, Everhart, and Bailey argue "the Court may, in its discretion, include expert fees as part of the attorney's fee." (Doc. # 146 at 9) (citing 42 U.S.C. § 1988(c)) (underlining in original). Nevertheless, the plain language of § 1988(c) does not allow this Court to award expert fees in a § 1983 action. Section 1988(c) states, "In awarding attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." See also Ruff v. Cnty. of Kings, 700 F. Supp. D 1225, 1243 (E.D. Cal. 2010) (stating "The Court's research indicates that cases are uniform that Section 1988(c) does not apply to a Section 1983 action, relying on the plain wording of the statute . . ."); Harman v. Gee, No. 8:09-cv-1205-T-30EAJ, 2010 WL 3998096, at *1 (M.D. Fla. Oct. 12, 2010)

(denying prevailing party's motion to tax expert witness fees in § 1983 case). Therefore, FDLE, Everhart, and Bailey are not entitled to expert witness costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants FDLE, Everhart, and Bailey's Motion for Taxation of Costs and Fees (Doc. # 146) is granted to the extent that Defendants may recover a reduced amount equaling $6,836.90 pursuant to § 1920.

(2) Defendants FDLE, Everhart, and Bailey's Motion for Taxation of Costs and Fees (Doc. # 146) is denied to the extent that Defendants seek to recover reasonable attorney's fees pursuant to § 1988(b).

(3) Defendants FDLE, Everhart, and Bailey's Motion for Taxation of Costs and Fees is denied to the extent Defendants seek to recover expert witness fees pursuant to § 1988(c).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of September, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of record.